UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 05-20485-CIV-GOLD/TURNOFF

IN RE:

STEPHAN JAY LAWRENCE,

       Appellant/Debtor,

_____/

## OMNIBUS ORDER

**THIS MATTER** is before this Court on the Magistrate Judge's Report and Recommendation **[DE # 131]**, the "Limited Objection of Trustee Alan L. Goldberg to Magistrate Judge Turnoff's October 6, 2006 Report and Recommendation" **[DE # 135]**, Lawrence's "Preliminary Objections to Magistrate's Report and Recommendation" **[DE # 138]**, and Appellant's "Amendment to Appellant's Preliminary Objections to Magistrate's Report and Recommendation **[DE # 151]**. The Magistrate Judge's Report and Recommendation and the Objections address a Motion filed by Stephan Jay Lawrence ("Lawrence"), the Appellant/Debtor in this matter, for his "Release from Contempt Incarceration" **[DE # 119]** as well as a number of related Motions **[DE # 120 and 121]**.

On August 10, 2006, Lawrence filed a Motion for "Release from Contempt Incarceration" **[DE # 119]**. On August 25, 2006, I referred this Motion along with a series of other Motions filed by Lawrence to the Magistrate Judge **[DE # 124]**. On September 25, 2006, the Magistrate Judge held an evidentiary hearing. After the matter was referred to the Magistrate Judge, Lawrence filed a "Motion for Sanctions" **[DE # 127]** and a "Motion to Withdraw Voluntarily as Judge" **[DE # 130]**.

1

In the Magistrate Judge's Report and Recommendation dated October 10, 2006, the Magistrate Judge found that "Stephen Jay Lawrence has failed to meet his burden to show that the contempt order has lost its coercive effect; 2) Stephen Jay Lawrence has failed to meet his burden to show that there exists no realistic possibility of compliance; and 3) [t]he matter should be revisited by the bankruptcy court at reasonable intervals." In the Report and Recommendation, the Magistrate Judge specifically recommended that Lawrence's "Motion for Release from Contempt Incarceration" **[DE # 119]** should be denied. Thereafter, Lawrence and Trustee filed a series of Objections **[DE # 135, 138, and 151]**. I held a hearing on December 8, 2006 to address the Report and Recommendation and Objections.

For the reasons stated in this Order, I grant Lawrence's Objections **[DE # 138 and 151]**, reject the Trustee's Objections **[DE # 135]** and I decline to accept the Magistrate Judge's Report and Recommendation **[DE # 131]** in part. Specifically with regard to the Magistrate Judge's Report and Recommendation, I adopt the portion of the Report and Recommendation which recommended that I deny "Appellee's Emergency Motion to Strike/Response in Opposition to Motion by Appellant for Release from Incarceration" **[DE # 120]** and Lawrence's "Emergency Request for a Hearing on the Motion for Release of Contemnor and an Order to Compel Production of Witnesses for Hearing" **[DE # 121]**. However, I reject the portion of the Report and Recommendation that recommends that I deny Lawrence's Motion for "Release from Contempt Incarceration" **[DE # 119]**. Having denied Lawrence's "Emergency Request for a Hearing on the Motion for Release of Contemnor and an Order to Compel Production of Witnesses for Hearing" **[DE # 121]**, I

also deny Lawrence's Motion for Sanctions related to this Motion as moot **[DE # 127]**. Lastly, I deny Lawrence's "Motion to Withdraw as Judge" **[DE # 130]**.

The Court is quite familiar with the facts of the instant case. As such, I will only address the history of this matter by way of summary. Lawrence is a Debtor who was incarcerated for civil contempt based on his failure to comply with a bankruptcy court order to turn over the *res* of an inter vivos trust to a Chapter 7 trustee in 2000. The history of this long and unfortunate case is set forth in the following opinions: *In re Lawrence*, 251 B.R. 630 (S.D.Fla. 2000); *In re Lawrence*, 279 F.3d 1294 (11th Cir. 2002), and *Lawrence v. United States Bankruptcy Court*, 153 Fed.App. 552 (11th Cir. 2005).

The essence of the matter before me is framed by the Eleventh Circuit Court of Appeals:

> As we affirm the challenged orders, we are constrained to remind the district and bankruptcy courts that civil contempt sanctions are intended to coerce compliance with a court order. In *Wellington* we acknowledged that, "[W]hen civil contempt sanctions lose their coercive effect, they become punitive and violate the contemnor's due process rights." The district court must make an individual determination in each case whether there is a realistic possibility that the contemnor will comply with the order. We are mindful that, "although incarceration for civil contempt may continue indefinitely, it cannot last forever."
>
> Lawrence has not specifically requested the district court to review whether his continued incarceration has lost its coercive effect. This issue, however, should be considered under the context of his claim of impossibility. If the bankruptcy judge determines that, although Lawrence has the ability to turn over the Trust *res,* he will steadfastly refuse to do so, the judge will be obligated to release Lawrence because the subject incarceration would no longer serve the civil purpose of coercion.
>
> For the reasons assigned, the judgment appealed is AFFIRMED. We instruct the bankruptcy court to reconsider Lawrence's incarceration at reasonable intervals in order to assure that the contempt sanction continues to serve,

and is limited to, its stated purpose of coercion.

*In re Lawrence*, 279 F.3d at 1300-1301 (internal footnotes and citation omitted).

Lawrence has now been incarcerated for contempt for more than six years. During that time, he has steadfastly refused to comply with this Court's contempt order. Upon examination of the entire record, including the Report and Recommendation of the Magistrate Judge dated October 10, 2006, I now conclude that there is no realistic possibility that he will comply. As such, it is the law of the case that I am obligated to release Lawrence because the subject incarceration no longer serves the civil purpose of coercion.

While the Magistrate Judge is correct that Lawrence has failed to address the issue during the hearings below, and has failed to carry and meet his burden as a result, I cannot ignore what is self-evident. Six years is longer than most terms of imprisonment for serious federal crimes. In my view, further reviewing the matter at additional "reasonable intervals" will simply not change the result.

Trustee asks this Court to resist concluding that the subject incarceration no longer serves the civil purpose of coercion. In support, the Trustee cites to the Eleventh Circuit's opinion in *Commodity Futures v. Wellington Precious Metals, Inc.*, 950 F.2d 1525 (11th Cir. 1992), where the Court stated: "Prison time, in and of itself will not satisfy Weiss's burden of proving that there exists no 'realistic possibility' that he can comply with the court's contempt order." *Id.* at 1531. The Trustee echoes the district court's comments in *Wellington* [quoted by the Eleventh Circuit], that: "... it is far more plausible that Weiss's

refusal to pay means simply that Weiss deems the detriments of incarceration outweighed by the concomitant benefits of holding onto his ill-gotten Wellington monies." *Id.*

In *Wellington*, Weiss, after "several months" in prison, filed a motion to terminate the civil contempt order claiming that the time he had spent in jail was proof that he did not have the funds required to pay the amount at issue. The time between incarceration and the denial of his motion was approximately three months. The time between incarceration and the Eleventh Circuit's opinion was less than two years. In assessing the situation in *Wellington*, the Eleventh Circuit noted that "While each passing month of incarceration may strengthen Weiss's claim of inability (citations omitted), many months or perhaps even years may pass before it becomes necessary to conclude that incarceration will no longer serve the purpose of the civil contempt order." This is because "[I]t can be assumed that at a certain point any man will come to value his liberty more the [the amount of money the order requires him to pay] and the pride lost in admitting that he has lied." *United States ex rel. Thom. v. Jenkins*, 760 F.2d 736, 740 (7th Cir. 1985)(cited in *Wellington*).

I do not base my ruling only on the fact that Lawrence has spent more than six years in jail. Nonetheless, the long period of incarceration is a factor when viewed in the context of the entire record. Based on the totality of the circumstances, I conclude that Lawrence has come to value his money (whatever may be left) more than his liberty. Clearly he is not to be rewarded, but, at the same time, our Constitution prohibits imprisonment for unlawful debt. Because I find that there is no realistic possibility that Lawrence will comply with the contempt order, although he still has the ability to do so, his incarceration may not last indefinitely. In light of the fact that Lawrence has "steadfastly"

refused to comply, regardless of the number of "intervals" I have reviewed the matter, I am obligated to adhere to the holding of the Eleventh Circuit that "... the judge will be obligated to release Lawrence because the subject incarceration would no longer serve the civil purpose of coercion." *Lawrence*, 279 F.3d at 1301. Under this holding, I must release Lawrence from his confinement despite his failure to purge himself of contempt.

Nothing in this Order lessens or diminishes the concerns evidenced by this Court and the Bankruptcy Court in prior opinions or orders. Accordingly, the Trustee may file with the Bankruptcy Court within ten days of this Order a request for such additional protections as the Trustee deems necessary to prevent Lawrence from wrongfully having access to the Trust Res. Any failure by Lawrence to comply with a further order of the Bankruptcy Court may be subject to further contempt proceedings.

Nothing in this Order shall affect the monetary portion of the contempt sanction entered by the Bankruptcy Court.

For the reasons stated above,

It is hereby **ORDERED AND ADJUDGED**:

1) The Magistrate Judge's Report and Recommendation is **REJECTED IN PART and ADOPTED IN PART [DE # 131]**. To the extent that the Report and Recommendation recommends that Lawrence's Motion for "Release from Contempt Incarceration" **[DE # 119]** should be denied, I **REJECT** that portion of the Report. To the extent that the Report and Recommendation recommends that Trustee's "Emergency Motion to Strike/Response in Opposition to Motion by Appellant for Release from Incarceration" **[DE # 120]** be denied and that Appellant's "Emergency Request for a Hearing on the Motion for Release of

Contemnor and an Order to Compel Production of Witnesses for Hearing" **[DE # 121]** be denied as moot, I **ADOPT** these portions of the Report and Recommendation.

2) Lawrence's "Motion for Release from Contempt Incarceration" **[DE #119]** is **GRANTED.**

3) Trustee's "Emergency Motion to Strike/Response in Opposition to Motion by Appellant for Release from Incarceration" **[DE # 120]** is **DENIED**.

4) Lawrence's "Emergency Request for a Hearing on the Motion for Release of Contemnor and an Order to Compel Production of Witnesses for Hearing" **[DE # 121]** is **DENIED** as moot.

5) Lawrence's request that sanctions be imposed for noncompliance with his "Emergency Request for a Hearing on the Motion for Release of Contemnor and an Order to Compel Production of Witnesses for Hearing" **[DE # 121]** contained in a Reply Brief **[DE # 127]** is **DENIED** as moot

6) Lawrence's "Motion to Withdraw Voluntarily as Judge" **[DE # 130]** is **DENIED**.

7) Lawrence's Objections **[DE # 138 and 151]** to the Magistrate Judge's Report and Recommendation are **GRANTED**.

8) Trustee's Objections **[DE # 135]** to the Magistrate Judge's Report and Recommendation are **DENIED**.

9) The Federal Detention Center is hereby directed to forthwith release Stephen Jay Lawrence, Inmate #49061-004, from incarceration.

10) Nothing in this Order shall affect the monetary portion of the contempt sanction

entered by the Bankruptcy Court.

11) The Clerk of Court is Directed to CLOSE this case.

12) All pending dates are CANCELED and all pending motions not addressed specifically in this Order are DENIED as moot.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this ___12___ day of December, 2006.

_____
**ALAN S. GOLD**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished:**
**U.S. Magistrate Judge William Turnoff**
**All Counsel of Record**

**U.S. Marshall Services (2 Certified).**
**FDC-Miami Warden**